JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

E-FILED
Thursday, 31 March, 2022 09:25:41 AM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John Doe, a minor by and through His Father and Next Best Friend, Adam Johnson

**(b)** County of Residence of First Listed Plaintiff    Peoria
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nina R. Gougis, The Law Office of Nina R. Gougis

### DEFENDANTS
Board of Education of Illinois Valley Central School District  No. 321, City of Chillicothe, Chillicothe Police Department, and Tim Podobinsky, Kellie Hesterberg, and Sam Schmale

County of Residence of First Listed Defendant    Peoria
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| | | | **LABOR** | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Fourth Amendment U.S. Constitution, Art. I Sec. 2 Illinois Constitution, substantive due process, conspiracy to dep

Brief description of cause:
Multiple Unlawful Searches, Excessive Searches, Conspiracy to Deprive of Constitutional Rights, Emotional Distre

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   03/30/2022

SIGNATURE OF ATTORNEY OF RECORD   /s/ Nina R. Gougis

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

|  |  |  |
|---|---|---|
| IN RE THE MATTER OF: | ) | |
| | ) | |
| JOHN DOE, a Minor, by and through | ) | |
| His Father and Next Friend, | ) | |
| ADAM JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| THE BOARD OF EDUCATION OF | ) | JURY TRIAL DEMANDED |
| ILLINOIS VALLEY CENTRAL | ) | |
| SCHOOL DISTRICT NO. 321; CITY OF | ) | |
| CHILLICOTHE; CHILLICOTHE POLICE | ) | |
| DEPARTMENT; and TIM PODOBINSKY, | ) | |
| KELLIE HESTERBERG, and SAM | ) | |
| SCHMALE In their individual and | ) | |
| Official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, JOHN DOE, a Minor, by and through his father and Next Friend, Adam Johnson, by and through their attorney, Nina R. Gougis, and as and for their Complaint and Demand for Jury Trial, states as follows:

## NATURE OF ACTION

1.     This action is brought pursuant to the Fourth Amendment of the U.S. Constitution, the due process clause of the Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983; the due process clause, Art. I, Sec. 2 of the Illinois Constitution; and Illinois common law (as to Plaintiff's claims of conspiracy, negligent infliction of emotional distress and intentional infliction of emotional distress).

1

## **PARTIES**

2.      JOHN DOE (hereinafter "DOE") is a minor who resides in Peoria County, Illinois. At all times relevant to this Complaint, DOE was a student attending Illinois Valley Central High School, located in the City of Chillicothe, Illinois.

3.      ADAM JOHNSON (hereinafter "JOHNSON") is the father and Next Friend of JOHN DOE. JOHNSON currently resides in Peoria County, Illinois.

4.      Illinois Valley Central High School (hereinafter "IVCHS") is one of the schools owned and operated by Defendant, the BOARD OF EDUCATION OF ILLINOIS VALLEY CENTRAL SCHOOL DISTRICT NO. 321 (hereinafter the "Board" or "District"). IVCHS and the District's offices both are located in the City of Chillicothe, County of Peoria, Illinois.

5.      The District is an Illinois public school district and local government entity created under the laws of the state of Illinois, with the capacity to sue and be sued in this Court and is engaged in management of IVCHS.

6.      Defendant, CITY OF CHILLICOTHE (hereinafter the "City"), is a local government entity created under the laws of the state of Illinois, with the capacity to sue and be sued in this Court and is engaged in management of the Defendant, CITY OF CHILLICOTHE POLICE DEPARTMENT (hereinafter "Department" or "Police Department"). Both the City offices and Police Department office are located in the City of Chillicothe, Peoria County, Illinois.

7.      Upon information and belief Defendant TIM PODOBINSKY (hereinafter "PODOBINSKY") is a resident of the Peoria County, Illinois. At all times relevant to this Complaint, PODOBINSKY was employed as a School Resource Officer (hereinafter "SRO") for the Police Department. At all times relevant to this Complaint, PODOBINSKY worked at Illinois

Valley Central High School. At all times relevant to this Complaint, PODOBINSKY acted under color of state law.

8.      Upon information and belief Defendant 12.  KELLIE HESTERBERG (hereinafter "HESTERBERG") is a resident of the Peoria County, Illinois. At all times relevant to this Complaint, HESTERBERG was employed as an SRO for the Police Department. At all times relevant to this Complaint, HESTERBERG worked at Illinois Valley Central High School. At all times relevant to this Complaint, HESTERBERG acted under color of state law.

9.      Upon information and belief Defendant SAM SCHMALE (hereinafter "SCHMALE") is a resident of the Peoria County, Illinois. At all times relevant to this Complaint, SCHMALE was employed by the District as Assistant Principal of IVCHS. At all times relevant to this Complaint, SCHMALE acted under color of state law.

## STATEMENT OF FACTS

10.      DOE began attending IVCHS in August of 2020. He is currently a sophomore.

11.      During his time at IVCHS, PODOBINSKY, HESTERBERG, and SCHMALE conducted a number of inappropriate and intrusive searches to DOE's person without probable cause and engaged in a harassing manner against DOE.

12.      In April of 2021, PODOBINSKY and SCHMALE pulled Doe from the restroom to question Doe and conduct a search of his person. PODOBINSKY performed a search presumably at SCHMALE's direction. During the search PODOBINSKY touched Doe's groin from the front in a lingering manner. PODOBINSKY also sniffed Doe's hair and claimed he could "smell vape" on Doe. Doe's parents were not contacted prior to or after the search.

13.      In May of 2021, HESTERBERG and SCHMALE pulled Doe out of class as lunch was beginning, HESTERBERG questioned and searched DOE's person, presumably at

SCHMALE's direction. During the search HESTERBERG touched Doe's groin from the front in a lingering manner. Doe missed most of his lunch and was only allowed 5 minutes to eat instead of the full 30 minutes. Doe's parents were not contacted prior to or after the search.

14.     On or around August 27, 2021, PODOBINSKY and HESTERBERG, questioned and searched DOE's person and forced him to do a field sobriety test, without having probable cause or any reasonable basis to do so. DOE was subjected to the search and forced to do a field sobriety test in front of other students who were attending a football game. DOE's parents were not contacted prior to or after the search.

15.     On or around September 28, 2021, SCHMALE and PODOBINSKY pulled DOE out of his math class to question DOE and conduct a search of his person. PODOBINSKY conducted the search, presumably at SCHMALE's direction. During the search, PODOBINSKY, touched DOE's groin from the front in a lingering manner with an open palm. PODOBINSKY then reached through DOE's buttocks and touched DOE's groin from behind. DOE's parents were not contacted prior to or after the search.

16.     On or around September 30, 2021, HESTERBERG, a female SRO, questioned and searched DOE's person, presumably at SCHMALE's direction. During the search, HESTERBERG touched DOE's groin from the front in a lingering manner. School administration did not contact DOE's parents prior to the search, although his parents were contacted later that day to let them know that nothing was found on DOE's person.

17.     On or around October 4, 2021, HESTERBERG, a female SRO, questioned and searched DOE, presumably at SCHMALE's direction. During the search, HESERBERG, touched DOE's groin from the front in a lingering manner with an open palm. HESTERBERG then reached through DOE's buttocks and touched DOE's groin from behind. When DOE protested the

inappropriate touching, HESTERBERG responded that if they were "on the street" she would be a lot harder on DOE and continued her inappropriate touching. DOE's parents were not contacted prior to or after the search.

18.     None of the above-referenced searches produced any vaping materials or any other contraband or illegal substances. Further, DOE has never been disciplined for possession of any contraband or illegal substances.

19.     The individual Defendants, in conducting the above-referenced searches, violated several Board of Education Policies, including without limitation, the following:

 a.  Failing to minimize disruption, in violation of Board of Education Policy No. 7:150 Agency and Police Interviews;

 b.  Failing to ensure to notify the parents of any student under 18 years of age who is suspected of criminal activity before such student is questioned, in violation of Board of Education Policy No. 7:150;

 c.  Failing to make reasonable efforts to ensure a student's parent is present during questioning, or if parents are not present, that a school social worker or other mental health professional is present during questioning, in violation of Board of Education Policy No. 7:150;

 d.  Conducting searches of students and their personal effects without reasonable grounds, in violation of Board of Education Policy No. 7:140 Search and Seizure;

 e.  Conducting searches of students and their personal effects in an excessively intrusive manner, in violation of Board of Education Policy No. 7:140;

 f.  Failing to take efforts to conduct searches outside the view of others, in violation of Board of Education Policy No. 7:140.

g. Failing to have an SRO of the same sex as the student conduct searches of the student, in violation of Board of Education Policy No. 7:140; and

h. Bullying and harassment of students (including sexual harassment), in violation of Board of Education Policy No. 7:20 Harassment of Students Prohibited.

20. JOHNSON, on DOE's behalf, complaint to school administration several times since the April 2021 incident. On October 1, 2021, JOHNSON filed a formal uniform grievance pursuant to the Board of Education's policy. The District denied any wrongdoing.

## COUNT I
## SUBSTANTIVE DUE PROCESS
## 42 U.S.C. § 1983

21. The foregoing paragraphs 1-20 are re-alleged and incorporated herein by reference.

22. DOE was deprived of an interest – *e.g.*, a right to education – without substantive due process, a right guaranteed to him by the Fourteenth Amendment of the U.S. Constitution.

23. All Individual Defendants acted under color of state law in depriving DOE of his federally protected rights.

24. All Individual Defendants were personally involved and played a role in the deprivation of DOE's constitutional rights and, therefore, should be held personally liable.

25. The District, City and Police Department have a widespread practice that is so permanent and well settled as to constitute a custom or usage within the force of law. Specifically, the District, City and Police Department, have a widespread practice of searching and harassing male IVCHS students, without probable cause, and touching them in an inappropriate manner

## COUNT II
## FOURTH AMENDMENT
## 42 U.S.C. § 1983

26. The foregoing paragraphs 1-25 are re-alleged and incorporated herein by reference.

27.    DOE has a constitutional right not to be subject to unreasonable searches and seizures.

28.    DOE was subjected to searches on multiple occasions, without probable cause. Such searched were excessive in purpose and scope.

29.    All Individual Defendants acted under color of state law in depriving DOE of his federally protected rights.

30.    All Individual Defendants were personally involved and played a role in the deprivation of DOE's constitutional rights and, therefore, should be held personally liable.

31.    The District, City and Police Department have a widespread practice that is so permanent and well settled as to constitute a custom or usage within the force of law. Specifically, the District, City and Police Department, have a widespread practice of searching and harassing male IVCHS students, without probable cause, and touching them in an inappropriate manner

### COUNT III
### SUBSTANTIVE DUE PROCESS
### Art. I, Sec. 2 Illinois Constitution

32.    The foregoing paragraphs 1-31 are re-alleged and incorporated herein by reference.

33.    DOE was deprived of an interest – *e.g.*, a right to education – without substantive due process, a right guaranteed to him by Art. I, Sec. 2 of the Illinois Constitution.

### COUNT IV
### CONSPIRACY TO DEPRIVE OF CONSTITUTIONAL RIGHTS
### 42 U.S.C. § 1983

34.    The foregoing paragraphs 1-33 are re-alleged and incorporated herein by reference.

35.    Defendants conspired to deprive DOE of his due process rights, in violation of 42 U.S.C. §1983. DOE was deprived his rights as a result of Defendants' actions.

### COUNT V
## CONSPIRACY TO DEPRIVE OF CONSTITUTIONAL RIGHTS
### Illinois Common Law

36.     The foregoing paragraphs 1-35 are re-alleged and incorporated herein by reference.

37.     Defendants knowingly and voluntarily participated in the above-referenced common scheme to commit an unlawful act and/or a lawful act in an unlawful manner.

### COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Illinois Common Law)

38.     The foregoing paragraphs 1-37 are re-alleged and incorporated herein by reference.

39.     Defendants have intentionally acted in an extreme and outrageous manner.

40.     Defendants either intended that their conduct inflict emotional distress on DOE or knew that there was a high probability that their conduct would cause severe emotional distress to DOE.

41.     Defendants' actions have, in fact, caused DOE emotional distress so severe that no reasonable person should be expected to endure it.

### COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Illinois Common Law)

42. The foregoing paragraphs 1-41 are re-alleged and incorporated herein by reference.

43. Defendants owed a duty of care to and a duty to protect DOE.

44. Defendants have breached their duties to DOE.

45. DOE has suffered injury that was proximately caused by Defendants' breach.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOHN DOE, a Minor, by and through his father and Next Friend, ADAM JOHNSON, request that Court award him the following relief:

(a)     That the Defendants, upon trial by jury, be adjudicated to have violated the DOE's rights under the due process clauses of the Fourth and Fourteenth Amendments to the U.S. Constitution and Art. I, Sec. 2 of the Illinois Constitution, 42 U.S.C. § 1983; and Illinois common law (as to Plaintiffs' claims of conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress);

(b)     Equitable relief ordering the Defendants to take appropriate measures to deter future incidents of bullying toward DOE;

(c)     That Plaintiff be awarded compensatory damages, damages for emotional distress, and all other benefits, and/or other appropriate relief to which he is entitled by virtue of Defendants' violations;

(d)     That the Individual Defendants be ordered to pay Plaintiff punitive damages;

(e)     That Plaintiff be awarded prejudgment interest on the above damages;

(f)     That Plaintiff be awarded reasonable attorneys' fees, costs and litigation expenses incurred in this lawsuit, with interest thereon; and

(g)     That Plaintiff be awarded any such other and further relief deemed just.

**JURY DEMAND**

The Plaintiffs request a trial by jury.

Respectfully Submitted,

JOHN DOE, a Minor, by and through his father and
Next Friend, ADAM JOHNSON, Plaintiff

By: /s/ Nina R. Gougis
     Attorney for Plaintiff

Law Office of Nina R. Gougis
524 Court Street
Pekin, Illinois 61554
Phone: (309) 282-6325
Fax: (309) 279-5214
Email: ninagougislaw@gmail.com